

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF** ~~~~~

| | |
|---|---|
| ARTHUR S. WEST, <br>     Plaintiff, <br><br> Vs. <br><br> NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION, WASHINGTON STATE DEPARTMENT OF ENTERPRISE SERVICES, VIA DIRECTOR TARA C. SMITH, STATE OF WASHINGTON, VIA GOVERNOR JAY INSLEE, AND THE SQUAXIN ISLAND TRIBE, <br>     Defendants. | Case: 1:24-cv-03143 <br> Assigned To : Cooper, Christopher R. <br> Assign. Date : 10/28/2024 <br> Description: Pro Se Gen. Civ. (F-DECK) <br><br> PLAINTIFF'S ORIGINAL COMPLAINT FOR VIOLATION OF NEPA |

## I. INTRODUCTION

**1.1.** This is an action for actual, declaratory and injunctive relief in regard to the Deschutes Estuary Restoration Project, a "Major Federal Action" as defined in NOAA and CEQ regulations, which defendant NOAA has funded with a Six Million Four Hundred Thousand Dollar, ($6,400,000.00), Grant.

**1.2.** Plaintiff seeks to require compliance with the National Environmental Policy Act in regard to the proposed, improperly segmented, and privately coordinated Deschutes Estuary Restoration Project in Thurston County, Washington.

**1.3.** Plaintiff seeks an order requiring appropriate NEPA documentation for the entire project[1] in the form of an EIS and the appropriate environmental impact, traffic, economic, and cumulative impact studies, in addition to a full consideration of alternatives.

---
[1] To include a cumulative and related impact analysis of the necessarily related remediation of toxic waste in Budd Inlet and at the Port of Olympia.

| | | |
|---|---|---|
| PLAINTIFF'S ORIGINAL NEPA COMPLAINT | 1 <br> Awestaa@Gmail.com | ARTHUR S. WEST <br> 120 State Ave NE #1497 <br> Olympia, WA. 98501 |

## II. JURISDICTION

**2.1.** The jurisdiction of this Court is conferred by and invoked pursuant to federal question jurisdiction under 28 U.S.C. 1331, the Administrative Procedure Act, 5 U.S.C. 702, and 704, and the National Environmental Policy Act, 42 USC 4331, et sequ.

**2.2.** The jurisdiction of this Court in the venue of the District of Columbia is also conferred by and invoked pursuant to 28 U.S.C. 1346 by virtue of the naming of an agency of the U.S. Government as defendant to this action.

**2.3.** This Court has jurisdiction over the parties and subject matter of this claim.

## III. PARTIES

**3.1.** Plaintiff West is a landowner in fee simple of property in Olympia on Berry Street NE, overlooking the Deschutes Estuary Restoration Project Site. West traverses the project site on a daily basis and regularly employs the shoreline area and areas in the vicinity of Budd Inlet for recreation and other activities.

**3.2.** West also owns 100 feet of waterfront property adjacent to the Evergreen State College on Eld Inlet along with approximately an acre of shellfish bearing tidelands. West is, and has been subject to the prospect of imminent and substantial harm from the proposed project, especially if the remediation of toxic waste in Budd inlet is interfered with or delayed by a failure of the defendants to conduct a timely and comprehensive NEPA review.

**3.3.** Plaintiff West has been actively involved with water quality and environmental

issues in the Puget Sound region for over 25 years. West, through litigation, was instrumental in uncovering and publicizing the presence of Dioxin in Budd Inlet that the Port of Olympia attempted to conceal and obscure. West also was the plaintiff in the landmark 9th Circuit NEPA case of West v. Secretary of Transportation, 206 F.3d 920 (9th Cir. 2000), involving the improper use of a Categorical Exemption for infrastructure for a proposed Intel-Weyerhaeuser project in Dupont.

**3.4.** Plaintiff West lives within one mile of, and has aesthetic and recreational interests in, the project site. West regularly traverses the actual project site, frequently walking on the existing trail circumscribing Capitol Lake for exercise and recreation, and driving across the existing 5th Avenue Bridge on a daily basis.

**3.5.** West employs lower Budd inlet for waterborne and water related recreation, and frequents restaurants located on the inlet in the vicinity of the project site. West is specially and particularly impacted by water quality in lower Puget Sound and other environmental conditions that have been and will be harmed by and/or are threatened by the defendants' project, their interference with timely, effective and comprehensive environmental review under NEPA, and their delay of, and attempt to interfere with and obstruct, by devious means, the necessary remediation of toxic dioxin bearing sediments in Capitol Lake and Budd Inlet.

**3.6.** Plaintiff West has standing in that he has suffered a concrete and particularized injury that is: (1) actual or imminent, (2) caused by or fairly traceable to an act that the litigant challenges in the instant litigation, and (3) redressable by the court." See *Florida Audubon Soc'y*

PLAINTIFF'S
ORIGINAL NEPA
COMPLAINT

Awestaa@Gmail.com

3

ARTHUR S. WEST
120 State Ave NE #1497
Olympia, WA. 98501

*v. Bentsen*, 94 F.3d 658, 663 (D.C. Cir. 1996) (en banc) (internal quotation marks and citations omitted), cited in *Fund Democracy, LLC v. Securities & Exchange Securities*, 278 F.3d 21, 25 (D.C. Cir. 2002), or such lesser standing standard currently prevailing in 9th Circuit precedent.

**3.7.** Defendant National Oceanographic and Atmospheric Administration, (NOAA), is a federal agency required to comply with the laws of the State of Washington, and those of the United States of America, including the National Environmental Policy Act. (NEPA)

**3.8.** Defendant Tara Smith is the ex parte Young "legal fiction" representative of the Washington State Department of Enterprise Services, an agency of the State of Washington.

**3.9.** Defendant Jay Inslee is the ex parte Young "legal fiction" representative of the State of Washington.

**3.10.** The Squaxin Island Tribe is a sovereign entity under federal law, subject to the jurisdiction of this Court.

**3.11.** The Federal District Court for the District of Columbia has jurisdiction over the parties and subject matter of this claim.

## IV. ALLEGATIONS

**4.1** This is a case involving NOAA's funding of the Deschutes Estuary Restoration Project, an activity that plaintiff asserts is a "Major Federal Action" with reasonably foreseeable significant impacts subject to mandatory review under NEPA, due to its potential impact, federal

funding, presence in and upon federal waters, required federal permitting, and interrelation with proposed toxic dioxin bearing sediment remediation.

4.1 According to Ann Larson, Special Assistant to defendant DES Director Smith, *"The Deschutes Estuary Restoration Project is the largest estuary restoration in an urban setting in the nation[2]"* in regard to which the *"DES has a really cool role"*.

Defendant DES's own website describes the project as "Monumental":

> The Department of Enterprise Services (DES) is undertaking a *monumental* estuary restoration project in the heart of the Washington State capitol. The Deschutes Estuary Restoration Project will restore 260 acres of estuarine and salt-marsh habitat in South Puget Sound. The estuary is at the mouth of the Deschutes River, on the footsteps of the Washington State Capitol Campus, along the shoreline of downtown Olympia, and within the Usual and Accustomed Fishing Grounds of the Squaxin Island Tribe. The project will remove the 5th Avenue Dam and associated tide gate, which were built in 1951 to make the Deschutes Estuary into a freshwater reflecting pool for the Washington State Capitol Campus.

4.2. In may of 2024, it was reported that defendant NOAA had awarded a 6.4 Million Dollar Grant[3] to the Squaxin tribe for this "Monumental" project. As the DES website explains further:

> The project is now in design and permitting, and is funded for a portion of this work through a NOAA Fish Barrier Removal grant[4] and an initial appropriation by the Washington State Legislature.

4.3. According to a Memorandum of Understanding between the State and local municipal and Quasi-municipal entities:

---

[2] https://capitol.wa.gov/our-story/news-updates/overview-deschutes-estuary-restoration-project
[3] https://www.theolympian.com/news/local/article288644850.html
[4] https://deschutesestuaryproject.org

PLAINTIFF'S
ORIGINAL NEPA
COMPLAINT

5

Awestaa@Gmail.com

ARTHUR S. WEST
120 State Ave NE #1497
Olympia, WA. 98501

> Prior to and separate from construction of the Estuary Alternative, known sediment contamination in lower Budd Inlet will be remediated to conditions satisfactory to the Washington State Department of Ecology and the US Army Corps of Engineers....The 5th Avenue Dam will not be removed until this work is complete to help ensure that the Port of Olympia-led remediation and DES-led estuary construction do not interfere with each other and, to the extent feasible, complement each other.

**4.4.** However, under a newly proposed ILA between the parties the portion stating that the sediment contamination will be removed prior to breaching 5th Avenue Dam is absent. Regardless, the dioxin containing sediment remediation and the Deschutes Estuary Restoration are related major federal actions that must be assessed together in the context of a full NEPA EIS prior to irreversible commitment of federal resources.

**4.5.** Beyond any reasonable debate, the Deschutes Estuary Restoration Project is a major federal action with reasonably foreseeable significant impacts, including significant alteration in traffic patterns, significant environmental, socioeconomic, and regional direct and cumulative impacts. .

**4.6.** The failure to assess and remediate the dioxin related sediment contamination in coordination with the Estuary project will cause reasonably foreseeable adverse impact to the specific areas that plaintiff employs, and a favorable decision will redress these conditions major and

**4.7.** The project has been impermissibly segmented and approved before key conditions and components have been defined, documentation prepared for the project is woefully inadequate to meet the requirements of NEPA, and NEPA authority has been improperly

PLAINTIFF'S
ORIGINAL NEPA
COMPLAINT

6
Awestaa@Gmail.com

ARTHUR S. WEST
120 State Ave NE #1497
Olympia, WA. 98501

delegated to a private entity in a manner at variance with the clear and unambiguous remedial intent of NEPA.

4.8. The Estuary Project not properly subject to, and does not meet the definition of a Categorically Excluded Action as defined in the CFR, or exceptional circumstances exist making a CE improper under the CEQ regulations. (See, generally, West v. Secretary of Transportation, 206 F.3d 920, (9th Circuit, 2000)

4.9. To the extent that the defendants have delegated any NEPA responsibility to a third party, this is an unlawful delegation under the doctrine of delegatus non potest delegare, and evidence of impermissible privatization and segmentation.

4.10. Defendants have taken final action in awarding and/or expending federal funds.

4.11. Plaintiff West is a citizen and a member of that discreet class of persons residing on property in the vicinity of and overlooking the project site. He has travelled repeatedly upon the project site, and employed the immediate vicinity of the project for leisure, recreation, business and entertainment purposes. His interests are within the zone of interests protected by NEPA. He has standing to maintain this action because the alteration of traffic patterns caused by the project will impact the safety of travel near and upon the site, because of his esthetic and recreational enjoyment of the area, which will be degraded by the increase in traffic, noise, air and water pollution, and cumulative impacts of the proposed action, especially if it is not coordinated with remediation of the toxic, dioxin containing sediment that plaintiff's previous litigation with the Port of Olympia uncovered. He also has procedural standing to require a proper consideration of

PLAINTIFF'S
ORIGINAL NEPA
COMPLAINT

7

Awestaa@Gmail.com

ARTHUR S. WEST
120 State Ave NE #1497
Olympia, WA. 98501

environmental, social, and economic factors of the project in a NEPA EIS <u>before</u> the project is constructed.

## V. CAUSES OF ACTION

### 5.1. NEPA-APA CLAIM

By authorizing the expenditure of, and in receiving and expending Six Million, Four Hundred Thousand Dollars, ($6,400,000.00), for a project that was a major federal project with a reasonably foreseeable significant adverse impact, and which was incomplete, segmented, and not properly exempt from NEPA, in the absence of compliance with NEPA in the form of an EIS, or other adequate documentation, the State and Federal defendants violated the National Environmental Policy Act, for which relief is appropriate under the Administrative Procedures Act.

### 5.2. DECLARATORY JUDGMENTS ACT CLAIM

By making an irreversible commitment of a significant amount of federal funds for a project that was incomplete, segmented, and not properly exempt, in the absence of compliance with NEPA in the form of an EIS, or other appropriate documentation, and in improperly sidestepping NEPA authority, the State and Federal defendants acted unlawfully and violated the National Environmental Policy Act for which relief is appropriate under the Federal Declaratory Judgments Act.

PLAINTIFF'S
ORIGINAL NEPA
COMPLAINT
Awestaa@Gmail.com
8
ARTHUR S. WEST
120 State Ave NE #1497
Olympia, WA. 98501

## VI. REQUEST FOR RELIEF

Plaintiff respectfully requests the following relief:

**6.1.** That an actual and/or Declaratory Judgment issue declaring the award of 6.4 Million Dollars to the Squaxin Tribe in violation of NEPA and void, and prohibiting further awards to or expenditure of federal funds by the State defendants pending a full NEPA EIS of the Deschutes Estuary Restoration Project.

**6.2.** That the State and Federal defendants be compelled to comply with the requirements of NEPA in regard to assessment of appropriate environmental impacts of the Deschutes Estuary Restoration (and, potentially, the interrelated Budd Inlet Toxic Sediment Remediation project), in a NEPA EIS and/or prior to any further grant of or expenditure of federal funds.

**6.3.** That the Court grant an injunction pendente lite and/or a permanent injunction barring the defendants from receiving or expending any further federal funds in relation to the Deschutes Estuary Restoration Project until such point as a NEPA EIS is completed, and/or, in the alternate,

**6.4.** That the Court grant costs to plaintiff and order such relief as may be just, and as may be necessary to protect the status quo pending the ultimate determination of this case.

Respectfully submitted this 25th day of October, 2024.

ARTHUR S. WEST

PLAINTIFF'S
ORIGINAL NEPA
COMPLAINT

9
Awestaa@Gmail.com

ARTHUR S. WEST
120 State Ave NE #1497
Olympia, WA. 98501

Case: 1:24-cv-03143
Assigned To : Cooper, Christopher R.
Assign. Date : 10/28/2024
Description: Pro Se Gen. Civ. (F-DECK)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ARTHUR S. WEST,

    Plaintiff,

Vs.

NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION, WASHINGTON STATE DEPARTMENT OF ENTERPRISE SERVICES, VIA DIRECTOR TARA C. SMITH, STATE OF WASHINGTON, VIA GOVERNOR JAY INSLEE, AND THE SQUAXIN ISLAND TRIBE,

    Defendants.

Case No.

PRAECIPE

To the Clerk of the above entitled Court:

Please find attached a check for $405.00, file the attached updated Complaint, Conform the extra 1st Page, and issue the appended Summons.

Respectfully submitted this 29th day of October, 2024.

RECEIVED
Mail Room
NOV - 4 2024
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

ARTHUR S. WEST

---

PLAINTIFF'S PRAECIPE

Awestaa@Gmail.com

1

ARTHUR S. WEST
120 State Ave NE #1497
Olympia, WA. 98501